UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:13CV-723-JHM

JOHN DAVID LEE                                                                   PLAINTIFF

VS.

HON. STEPHEN M. GEORGE, et. al.                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Defendants, Hon. Stephen M. George in his official and individual capacity and Hon. Michelle M. Keller in her official capacity, to dismiss the complaint [DN 4]. Fully briefed, this matter is ripe for decision.

## BACKGROUND

Plaintiff, John David Lee, *pro se*, and Jill Stanley were married in 1991 and divorced in 2009. Defendant, Judge Stephen M. George, a judge of the Family Division of the Jefferson Circuit Court, heard the divorce proceedings, including a trial in December 2009 to determine custody, parenting time, and related issues, and a trial in July 2010 to determine property and debt distribution. See Lee v. George, 369 S.W.3d 29, 32 (Ky. 2012). The parties' divorce was highly contentious. Lee filed a large number of motions with the trial court. On November 29, 2010, Judge George entered an Order prohibiting Lee from "filing any complaint or action on behalf of the minor children." Lee violated that order and filed a complaint on November 29, 2010, against the children's prior therapist, Dr. Ginger Crumbo. Lee was found in contempt on May 20, 2011, for his violation of the Court's order.

Through the course of the divorce proceedings, Stanley filed several motions for Rule 11 sanctions against Lee, but Judge George declined to impose such sanctions because Lee was self-

represented. Id. In January of 2011, Stanley filed a motion to require Lee to post a bond prior to any future motions being called. Lee had filed thirty-six new motions between July 15, 2010, and January 10, 2011, only five of which the court found to be grounded in law and fact. On January 25, 2011, Judge George issued the order requiring Lee to post a $7,500 bond before any further motions would be called or taken under submission.

In April of 2011, Lee filed a petition for writ of mandamus seeking the disqualification of Judge George. He included a brief argument that the $7,500 bond violated his due process rights and his right of access to the courts. The Kentucky Court of Appeals construed Lee's discussion of the bond issue as an additional basis for the writ. The Court of Appeals denied Lee's petition, finding that his allegations of bias, fraud, and conspiracy related to Judge George were properly the subject of a direct appeal. The Court of Appeals also determined that the $7,500 bond was "'reasonably limited in scope so as not to deprive petitioner meaningful access to the court.'" Id. at 32. Thus, the Kentucky Court of Appeals found that there was no basis for extraordinary relief.

Lee appealed the decision to the Kentucky Supreme Court. On June 21, 2012, the Kentucky Supreme Court affirmed the decision of the Court of Appeals. However, the Kentucky Supreme Court concluded that Lee had not sought specific writ relief from the bond order. Id. at 35-36. Two justices of the Kentucky Supreme Court in a concurrence suggested that the trial court's chosen procedure – the pre-filing bond – was troubling because it affected Lee's access to the courts. Id. at 38-39.

On July 12, 2012, Judge George *sua sponte* recused himself from the case citing "Petitioner's animosity towards, and lack of confidence in, this Court." When the matter was to be transferred to another division of the Jefferson Family Court, the remaining judges recused, citing knowledge

of the case. A special judge from another county was assigned to the case. See Lee v. Taylor, 2013 WL 5436304, *1 (Ky. Sept. 26, 2013). Since that time, Lee sought a writ barring the special judge from enforcing any orders entered by the previous trial judge and voiding all prior orders. "The Court of Appeals dismissed the petition without reaching the merits, noting that [the Kentucky Supreme Court], in the previous writ action, had already stated that all the orders Lee seeks to affect should have been appealed or already have been appealed, and concluding that those matters could not be relitigated." Id. The Supreme Court affirmed.

On July 22, 2013, Lee filed a complaint in this Court against Defendants, Judge Stephen M. George in his individual and official capacity and Justice Michelle M. Keller in her official capacity as a former judge of the Kentucky Court of Appeals. As discussed above, Lee's claims against Judge George relate to his participation as the trial judge in Lee's divorce proceeding. Lee's claims against Justice Michelle Keller relate to her participation as a Kentucky Court of Appeals Judge on Lee's appeal of the divorce proceedings and as a member of the Judicial Conduct Commission regarding his complaints against Judge George.

Lee alleges that the Defendants violated his substantive due process rights, as well as other rights afforded him under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Specifically, Lee claims that Judge George in his official capacity violated Lee's rights to a fair and impartial tribunal, his substantive due process rights, and his right of access to the courts by ruling in a prejudicial fashion, by requiring Lee to pay a $7,500 "pre-filing" bond to the clerk before he could file any motions, by the recusal of all nine remaining judges in Jefferson County Family Court after Judge George recused, by denying him access to his own medical records and those of his minor children from Dr. Ginger Crumbo, and by extending a domestic violence

3

order in February of 2012. Lee also alleges that Judge George in his individual capacity violated Lee's rights of substantive due process when he destroyed medical records that Plaintiff subpoenaed before his trial, ordered Plaintiff to dismiss a complaint filed on behalf of his children against his children's therapist, and sentenced him to 30 days of incarceration for refusing to dismiss the civil action against his children's therapist. Lee alleges that Justice Keller in her official capacity violated Lee's substantive due process by failing to set aside all appeals over which she presided over or participated in. As relief, Lee seeks an injunction directing Judge George and Justice Keller not to violate Lee's rights, rendering the previous orders entered by Judge George void or invalid, reinstate the civil action filed in Jefferson County Circuit Court (Case No. 2011-CI-1574), and turn over all medical records including email between all parties related to Plaintiff or his minor children.

Defendants filed this motion to dismiss the complaint arguing the claims are barred under the Rooker-Feldman doctrine, the complaint fails to state a claim, the allegations against Judge George in his individual capacity were actually actions taken in his official capacity, and the claims are barred under the Younger Abstention Doctrine.

**STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S.

4

544, 555 (2007).  A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679.  Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," American Telecom Co., L.L.C. v. Republic of Lebanon, 501 F.3d 534, 537 (6th Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings," Schultz v. General R.V. Center, 512 F.3d 754, 756 (6th Cir. 2008).  "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, Inc. v. Ky., 381 F.3d 511, 516 (6th Cir. 2004).  "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (6th Cir. 2007).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Here, Defendants' motion to dismiss raises a Rule 12(b)(1) facial attack on Plaintiff's jurisdictional allegations. Coxco Realty, LLC v. United States Army Corps of Engineers, 2008 WL 640946, *2 (W.D. Ky. March 4, 2008).

**DISCUSSION**

The Rooker-Feldman doctrine bars Lee's claims against the Defendants. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923). Under the Rooker–Feldman doctrine, "federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." Gamble v. Corrections Corp. of America, 2012 WL 5930655, *3 (E.D. Ky. Nov. 27, 2012)(citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Patmon v. Michigan Supreme Court, 224 F.3d 504, 506–07 (6th Cir. 2000)). "Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision." Gamble, 2012 WL 5930655, *3. "A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it . . . and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law." Id. (citing Patmon, 224 F.3d at 509–10; Catz v. Chalker, 142 F.3d 279, 293 (6th Cir.1998)).

The Rooker-Feldman doctrine bars Lee's claims because his claims and request for relief fall into the first category of cases to which the Rooker-Feldman doctrine applies. His claims are based on his disagreements with Judge George and Justice Keller's judicial decisions in Lee's divorce proceedings and related writs. Lee's argument that he is not seeking review of the state court decisions is belied by the relief he seeks in the present case. Lee requests the Court to hold the previous orders entered by Judge George void or invalid, to reinstate the civil action filed in Jefferson County Circuit Court (Case No. 2011-CI-1574), and to order Judge George to turn over all medical records including email between all parties related to Plaintiff or his minor children.

6

Consequently, the claims and the injuries alleged all stem from the state court proceedings. The recourse available to the Plaintiff in response to the adverse decisions of Defendants was to pursue timely appeals in state court and then a writ of certiorari to the United States Supreme Court. Furthermore, in as much as Lee's claims do not specifically request this Court review a state court decision, each claim is inextricably intertwined with the state court's decisions in this matter. Accordingly, the Court finds that Plaintiff's federal constitutional claims against the Defendants are barred by the Rooker-Feldman doctrine.

Moreover, the Court finds that Defendants are entitled to absolute judicial immunity from suit. It is well established that state court judges enjoy absolute immunity from federal damage suits for acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction. Similarly, "[i]njunctive relief is not available under § 1983, because that statute provides that injunctive relief 'shall not be granted' in an action against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" Jackson v. Taylor, 2013 WL 687121, *3 (W.D. Mich. Feb. 25, 2013)(citing 42 U.S.C. § 1983; Savoie v. Martin, 673 F.3d 488, 496 (6th Cir. 2012)). "'The rationale for granting judicial officers absolute immunity when they act in their judicial capacities is that judicial officers should be free to make controversial decisions and act upon their convictions without fear of personal liability.'" Lunsford v. Kentucky Cabinet for Health and Family Services, 2012 WL 2880577, *3-4 (E.D. Ky. July 13, 2012)(citing Cooper v. Parrish, 203 F.3d 937, 937 (6th Cir. 2000)). The rulings and actions taken by both Judge George and Justice Keller described in the complaint were unquestionably judicial in nature. Further, Lee does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, any claim against

Defendants for injunctive relief is barred, and Lee's claims against Defendants fail for this reason as well.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss by Judge Stephen George and Justice Michelle Keller [DN 4] is **GRANTED**. A Judgment will be entered consistent with this Opinion.


cc: John David Lee, *pro se*
      counsel of record